1 PILLSBURY WINTHROP SHAW PITTMAN LLP
RICHARD H. ZAITLEN #63283
2 STEPHEN BYERS #223330
725 South Figueroa Street, Suite 2800
3 Los Angeles, CA 90017-5406
Telephone: (213) 488-7100
4 Facsimile: (213) 629-1033
Email: Richard.Zaitlen@Pillsburylaw.com
5 Email: Steve.Byers@Pillsburylaw.com

6 Attorneys for Plaintiff
NUSCIENCE CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                            WESTERN DIVISION

11

NUSCIENCE CORPORATION, a )   Case No. CV08-02661 GAF(FFMx)
12 California corporation,     )
                              )
13              Plaintiff,    )   **COMPLAINT FOR:**
                              )
14      vs.                   )   **(1) STATUTORY TRADE SECRET**
                              )       **MISAPPROPRIATION UNDER**
15 ROBERT HENKEL, an individual, )     **CALIFORNIA CIVIL CODE**
and ROBERT HENKEL d/b/a       )       **§ 3426;**
16 DEUTROCELL, a business entity of )
unknown form,                 )   **(2) FEDERAL TRADEMARK**
17                            )       **INFRINGEMENT UNDER THE**
                Defendants.   )       **LANHAM ACT § 43(a);**
18                            )
                              )    **(3) UNFAIR COMPETITION UNDER**
19                            )       **CALIFORNIA BUSINESS AND**
                              )       **PROFESSIONS CODE § 17200;**
20                            )
                              )   **(4) FALSE ADVERTISING AND**
21                            )       **UNFAIR COMPETITION UNDER**
                              )       **THE LANHAM ACT § 43(a);**
22                            )
                              )   **(5) INTENTIONAL INTERFERENCE**
23                            )       **WITH BUSINESS RELATIONSHIPS**
                              )
24                            )
                              )
25                            )

26      Plaintiff, NUSCIENCE CORPORATION, ("NuScience" or "Plaintiff")

27 for its complaint avers as follows:

28

NUSCIENCE COMPLAINT
Case No. _____

600582988v1

1
2
3
4
5
6
7
8

**INTRODUCTION**

This is a complaint for trademark infringement, false advertising, unfair competition, misappropriation of trade secret, and intentional interference with business relationships.  Defendant ROBERT HENKEL ("Henkel"), or his business entity of unknown form, DEUTROCELL ("Deutrocell"), or both (collectively, "Defendants") have misappropriated certain trade secrets owned by NuScience, attempted to use and/or sell them to others, and have used certain trademarks owned by NuScience to do so.

9

**JURISDICTION AND VENUE**

10
11
12
13
14
15
16
17
18
19
20

1.     This is a civil action for trademark infringement arising under the Lanham Act, 15 U.S.C. § 1125 (a), pursuant to which this Court has jurisdiction under 15 U.S.C. §1121.  This is also a civil action for relief and damages for false advertising arising under the Lanham Act, 15 U.S.C. § 1125 (a), pursuant to which this Court has jurisdiction under 15 U.S.C. §1121.  This Court has jurisdiction over the subject matter of this action based upon 28 U.S.C. §§ 1331 and 1338(a), providing for federal question jurisdiction of trademark infringement actions and exclusive jurisdiction of trademark infringement actions in the U.S. district courts.  This Court has jurisdiction over any remaining claims in this action pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. § 1367.

21
22
23
24
25
26

2.     Plaintiff NuScience is informed and believes, and thereon alleges, that venue in this Court is proper under 28 U.S.C. § 1391(b) because the acts of misappropriation of trade secret, trademark infringement, unfair competition, false advertising, and intentional interference with prospective economic advantage alleged herein were engaged in within this judicial district.

27
28

NUSCIENCE COMPLAINT
Case No. _____

**PARTIES**

3.     Plaintiff NuScience is a corporation organized and existing under the laws of the State of California and having a principal place of business at 43102 Business Center Parkway, Lancaster, California 93535.

4.     On information and belief, Defendant Henkel is an individual who currently resides at 1530 West 2nd Street, Davenport, Iowa 52802.

5.     On information and belief, Defendant Deutrocell is a business entity of unknown form, created by Robert Henkel, having its principal place of business at 1548 West Hayes Street, Davenport Iowa 52802, and a mailing address of P.O. Box 2070, Davenport, Iowa 52809.

6.     On information and belief, Defendant Deutrocell is an alter ego of Defendant Henkel.  On information and belief, Defendant Deutrocell is not incorporated in any of the United States, nor has it been registered as any other business entity such as a Limited Liability Company or Limited Partnership.  On information and belief, Defendant Deutrocell has never issued stock, has held no board meetings, and has kept no corporate minutes.  On information and belief, Defendant Deutrocell has failed to observe the most basic of corporate formalities

7.     On information and belief, Defendants have committed the acts alleged herein in this state and this judicial district.

**NUSCIENCE'S TRADE SECRET AND THE MISAPPROPRIATION THEREOF**

8.     Plaintiff, NuScience is, and has been for many years, in the business of researching, developing, and distributing oxygen based health and beauty products and other mineral supplements.

9.     The primary product which NuScience develops and sells is known as CELLFOOD®.  CELLFOOD® is the world's best selling oxygen and nutrient supplement, containing 78 minerals, 34 enzymes, and 17 amino

NUSCIENCE COMPLAINT
Case No. _____

1   acids.  CELLFOOD® uses a proprietary water-splitting technology to provide

2   a stream of bio-available oxygen in addition to 129 nutrients directly to cells.

3       10.     The proprietary water-splitting technology and formula used in

4   CELLFOOD®, is one of NuScience's best kept trade secrets.  NuScience is

5   the rightful owner of this trade secret and has taken reasonable measures to

6   maintain the trade secret in confidence and to protect it from disclosure to

7   competitors.

8       11.     NuScience's trade secret is not generally known or available to

9   the public or to NuScience's competitors.  Further, NuScience's trade secret is

10   not easily ascertainable or easily developed.

11       12.     NuScience's trade secret has economic value in that it is the only

12   producer of this type of formula.  NuScience's annual worldwide sales of its

13   products utilizing its trade secret are over $230 million.

14       13.     On information and belief, the trade secret formula was originally

15   developed by Everett Storey while he was an officer of Deutrel Laboratories,

16   Inc.  Upon his demise, Deutrel Laboratories and all associated business was

17   willed to an individual Lois Ramm.  Deutrel Laboratories, Inc. and the trade

18   secret were then purchased by an individual, Jerald Rhoten, from Lois Ramm

19   in 1991, according to a signed Purchase Agreement.  Jerald Rhoten

20   subsequently assigned the trade secret to NuScience.

21       14.     At the time of purchase of the trade secret by Jerald Rhoten, all

22   notes, files, memoranda, drawings, goodwill, experiments, tests, customer

23   lists, and other intangible assets (collectively, the "trade secret assets") were

24   also purchased from Lois Ramm.

25       15.     According to a Secrecy Agreement signed and dated by Lois

26   Ramm in 1991, and the Purchase Agreement, Lois Ramm represented and

27   warranted to Jerald Rhoten that she was the sole owner of the trade secret and

28   trade secret assets, that at all times secrecy was maintained regarding the trade

- 4 -

1    secret and trade secret assets, and she agreed to protect and preserve the

2    confidentiality of the formula and the trade secrets and assets in the future.

3        16.    Jerald Rhoten, and NuScience by assignment, have at all times

4    maintained the confidentiality of the trade secret and trade secret assets.

5    NuScience has developed its business around the proprietary trade secret

6    purchased from Lois Ramm and now used to produce CELLFOOD®.

7        17.    On information and belief, in or around 2004, Lois Ramm's will

8    was probated. On information and belief, at that time, Lois Ramm's brother,

9    John Henkel, allegedly discovered drawings, memoranda, or other documents

10    that allegedly detailed the trade secret formula purchased from Lois Ramm.

11    John Henkel subsequently threatened Jerald Rhoten and NuScience that he

12    would sell the trade secret formula, or in some other way use the trade secret

13    formula for monetary gain unless Jerald Rhoten/NuScience paid him some

14    unknown sum.

15        18.    In or around 2004, Jerald Rhoten and NuScience initiated

16    litigation against John Henkel for, amongst other things, misappropriation of

17    trade secrets, *Jerald D. Rhoten, et al. v. John Henkel, et al.,* Case No. 102283

18    in the Iowa District Court for Scott County (7th Judicial District).

19        19.    That case resulted in a permanent restraining order and

20    injunction against John Henkel; to wit: John Henkel was "permanently

21    restrained, prohibited and enjoined from using, possessing, or controlling, and

22    from stating … that he … possess, controls, …or has knowledge of the

23    ingredients, formula, … or other technical data … and/or the other trade

24    secrets of the Plaintiffs … [He was] permanently enjoined … from revealing,

25    communicating, or otherwise transferring to any person, any document,

26    drawing, design, … that purports to have all or any part of the formula … or

27    any of the Plaintiff's other trade secrets. … [He was also to] immediately

28    destroy any and all existing documents, drawings, designs, … that has or

NUSCIENCE COMPLAINT
Case No. _____

1  purports to have any information concerning the ingredients, formula, recipe,

2  … about … "CELLFOOD®."  A copy of this permanent injunction is attached

3  hereto as Exhibit 1.

4       20.    On information and belief, Robert Henkel is the son of John

5  Henkel, the individual against whom the permanent restraining order and

6  injunction was entered.

7       21.    On information and belief, Robert Henkel is, and has been at all

8  times since it was ordered, aware of the permanent injunction against John

9  Henkel.

10       22.    Robert Henkel purports to be in possession of documents having

11  information concerning the ingredients and formula of the proprietary trade

12  secret owned by NuScience.

13       23.    Robert Henkel has offered to sell the proprietary trade secret

14  formula and its product to third parties, including present customers of

15  NuScience.

16       24.    On information and belief, Robert Henkel has used the

17  proprietary trade secret formula to produce a version of CELLFOOD®, which

18  Henkel calls Deutrocell.  Like CELLFOOD®, Robert Henkel claims that

19  Deutrocell contains 78 minerals, 34 enzymes, 17 amino acids and states that it

20  is "cellular nutrition that provides 129 nutrients plus oxygen and hydrogen at

21  the cellular level" using water-splitting technology.

22       25.    On information and belief, Robert Henkel has formed a business

23  entity which sells Deutrocell.  This business entity is also called Deutrocell,

24  (for clarity purposes, the business entity will be referred to as "Defendant

25  Deutrocell").  Defendant Deutrocell offers to sell the product Deutrocell at

26  least in part over the Internet on an interactive website, *www.deutrocell.com*.

27  On information and belief, Defendant Deutrocell has made substantial sales of

28  its product Deutrocell in California, including this Judicial District.

NUSCIENCE COMPLAINT
Case No. _____

600582988v1

1      26.    On information and belief, Defendant Deutrocell is an alter ego

2   of Defendant Henkel.  On information and belief, Defendant Deutrocell is not

3   incorporated in any of the United States, nor has it been registered as any other

4   business entity such as a Limited Liability Company or Limited Partnership.

5   On information and belief, Defendant Deutrocell has never issued stock, has

6   held no board meetings, and has kept no corporate minutes.  On information

7   and belief, Defendant Deutrocell has failed to observe the most basic of

8   corporate formalities.

9      27.    Defendant Henkel and/or Defendant Deutrocell's use of

10  NuScience's proprietary trade secret formula to make product Deutrocell

11  amounts to misappropriation of NuScience's trade secret as they have done so

12  knowing, or having reason to know, that knowledge of this trade secret was

13  derived from or through a person who utilized improper means to acquire it, or

14  acquired it under circumstances giving rise to a duty to maintain its secrecy.

15  **NUSCIENCE'S TRADEMARKS AND INFRINGEMENT THEREOF**

16     28.    NuScience has acquired several federally registered trademarks

17  which it uses in connection with its sale of CELLFOOD® and similar

18  products.

19     29.    On May 28, 2002, NuScience was granted U.S. Trademark

20  Registration No. 2,573,852 ("the '852 mark") for "EVERETT STOREY®" in

21  connection with dietary, nutritional, food, vitamin and mineral supplements

22  for human consumption.  A copy of this trademark registration is attached

23  hereto as Exhibit 2.  NuScience's EVERETT STOREY® mark is now

24  incontestable.

25     30.    On June 8, 2004, NuScience was granted U.S. Trademark

26  Registration No. 2,851,039 ("the '039 mark") for

27  "DEUTROSULFAZYME®" in connection with liquid nutritional

28

NUSCIENCE COMPLAINT
Case No. _____

1    supplements for human consumption.  A copy of this trademark is attached

2    hereto as Exhibit 3.

3         31.    On July 29, 1997, NuScience was granted U.S. Trademark

4    Registration No. 2,083,802 ("the '802 mark") for "CELLFOOD®" in

5    connection with mineral supplements for human consumption.  A copy of this

6    trademark registration is attached hereto as Exhibit 4.  NuScience's

7    CELLFOOD® mark is now incontestable.

8         32.    NuScience has spent at least $1,000,000 over the last six years in

9    advertising, promotional activities, trade shows and conventions promoting its

10   CELLFOOD® products using the '852, '039, and '802 marks.

11        33.    Customers identify mineral supplements for human consumption

12   sold under the '852, '039, and '802 marks as being the product of NuScience.

13        34.    Customers rely upon the '852, '039, and '802 marks as indicative

14   of high quality mineral supplements.

15        35.    In or around January 2008, NuScience became aware of

16   Defendants' marketing of their product Deutrocell.  Defendants registered the

17   domain names *www.evstorey.com* and *www.deutrocell.com* in efforts to sell

18   their product Deutrocell.

19        36.    Defendants' website *www.deutrocell.com* contains a webpage

20   stating that the product Deutrocell is "Uncle Ev's" original formula

21   underneath a photograph captioned "Everett Storey."

22        37.    Defendants have sent emails to NuScience's customers stating

23   "Would you be interested in distributing EV STOREYS (sic) "ORIGINAL"

24   KITCHEN FORMULA (DEUTROCELL) ? (sic) Often imitated "NEVER"

25   duplicated. For more info please go to evstorey.com or deutrocell.com  WE

26   "CELL" FOR LE$$."

27        38.    Defendants' use of "Ev Storey," and "Everett Storey" in

28   connection with the sale of their product Deutrocell, a mineral supplement, is

1  infringement of NuScience's '852 mark and likely to cause confusion and lead

2  consumers to believe that it is sponsored by, affiliated with, or the agent of,

3  NuScience.

4       39.    Defendants' use of "Deutrocell" in connection with the sale of

5  their product Deutrocell, a mineral supplement, is infringement of

6  NuScience's '039 mark and is likely to cause confusion and lead consumers to

7  believe that it is sponsored by, affiliated with, or the agent of, NuScience.

8       40.    Defendants' use of "Deutrocell" and "WE 'CELL' FOR LESS"

9  in connection with the sale of their product Deutrocell, a mineral supplement,

10  is infringement of NuScience's '802 mark and is likely to cause confusion and

11  lead consumers to believe that it is sponsored by, affiliated with, or the agent

12  of, NuScience

13       41.    Such actions by Defendants further constitute unfair competition.

14                  **FALSE ADVERTISING BY DEFENDANTS**

15       42.    To the extent that Defendants have not used NuScience's

16  proprietary trade secret formula in producing its product, Defendants have

17  committed false advertising, injuring NuScience.

18       43.    Defendants state on their website *www.deutrocell.com* and in

19  emails sent to NuScience's customers that they possess the original formula

20  created by Everett Storey and are willing to sell it.

21       44.    Defendants state in their website *www.deutrocell.com* and in

22  emails sent to NuScience's customers that they product they sell, product

23  Deutrocell, is made according to Everett Storey's formula and ingredients.

24       45.    The original formula created by Everett Storey is the trade secret

25  of NuScience.

26       46.    If Defendants are not using NuScience's trade secret to create

27  Deutrocell, then Defendants' statements misrepresent the Defendants' goods.

28

1    47.    Defendants offer their product Deutrocell in interstate commerce

2    through the commercial advertising of their website and they offer to sell their

3    product Deutrocell across state lines through email.

4    48.    NuScience has been harmed by Defendant's false statements in

5    loss sales and goodwill.

6    **INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS**

7    **ADVANTAGE**

8    49.    Defendants' emails to NuScience's customers offering to sell the

9    product Deutrocell and/or the formula that creates it, interferes with

10   NuScience's prospective business.

11   50.    Defendants know, or should know, that Lumina Health Products,

12   Inc. is a customer and distributor of CELLFOOD® manufactured by

13   NuScience.

14   51.    Defendants have offered to sell the products Deutrocell and/or the

15   formula that creates it to Lumina Health Products, Inc. via email in an effort to

16   disrupt the business relationship between NuScience and Lumina Health

17   Products, Inc.

18   52.    Defendants' emails to Lumina Health Products, Inc. have

19   disrupted the business relationship enjoyed by NuScience, and NuScience has

20   been damaged by this disruption.

21   **FIRST CAUSE OF ACTION**

22   **(Trade Secret Misappropriation – Cal. Civ. Code § 3426, et seq.)**

23   53.    NuScience incorporates by reference paragraphs 1-52 above as if

24   fully set forth herein.

25   54.    NuScience alleges that Defendants misappropriated trade secrets

26   from NuScience without its consent or permission in violation of Cal. Civ.

27   Code § 3426.  In addition, NuScience seeks injunctive relief pursuant to Cal.

28   Civ. Code §§ 3422 and 3426.2.

- 10 -

60G582988v1

55.    NuScience's trade secrets have independent economic value and merit legal protection in that: (1) they have never been known to the general public or to others who could derive economic value from them, (2) they have never been disclosed to NuScience's competitors, and (3) they are necessary for NuScience to conduct its business effectively and profitably.

56.    At all times, NuScience and its prior owners of the trade secrets took reasonable efforts under the circumstances to preserve the confidentiality of NuScience's trade secrets.

57.    Defendants allege to possess NuScience's trade secrets, namely the ingredients and formula for forming CELLFOOD®, and have used NuScience's trade secrets to produce their product Deutrocell.

58.    Defendants knew, or should have known, that at the time they used the trade secret to manufacture their product Deutrocell, their knowledge of the trade secret was either derived through a person who had utilized improper means to acquire it, or acquired under circumstances giving rise to a duty to maintain its secrecy.  For example, Defendant Henkel knew or should have known about John Henkel's (Defendant Henkel's father) permanent injunction against disclosure or use of NuScience's trade secret before Defendant Henkel's acquisition and use thereof.

59.    Defendants know that misappropriation, acquisition, use or disclosure of NuScience's trade secret by, to, or for the benefit of any party other than NuScience is wrongful.

60.    Defendants have offered to disclose some or all of NuScience's trade secrets and have used NuScience's trade secrets to produce their product Deutrocell.

61.    Defendants' actual and/or threatened misappropriation has proximately caused irreparable harm to NuScience.  NuScience will continue to suffer irreparable harm that cannot be adequately remedied at law unless

NUSCIENCE COMPLAINT
Case No. _____

1   and until Defendants, their officers, agents, employees, heirs, and assigns are

2   enjoined from engaging in any such further acts of actual and/or threatened

3   misappropriation.

4       62.    As a proximate cause of Defendants actual and/or threatened

5   misappropriation of NuScience's trade secrets, NuScience has been damaged

6   by at least $100,000 or an amount to be determined at trial.

7       63.    As a further proximate cause of Defendants actual and/or

8   threatened misappropriation of NuScience's trade secrets, Defendants have

9   been unjustly enriched by their wrongful acts at the expense of NuScience.

10  These acts have unjustly enriched Defendants by an amount presently

11  unknown, but upon information and belief, in excess of the jurisdictional

12  minimum, to which amount NuScience is rightfully entitled.

13      64.    Defendants actions as alleged above were undertaken in bad faith,

14  oppressively and maliciously, such that NuScience is entitled to an award of

15  exemplary damages in an amount sufficient to punish such actions and to deter

16  such actions by Defendants or others in the future, pursuant to Cal. Civ. Code

17  § 3426.3.

18      65.    Defendants actions as alleged above were undertaken in bad faith,

19  oppressively and maliciously, such that NuScience is entitled to its attorneys'

20  fees, pursuant to Cal. Civ. Code § 3426.4.

21              **SECOND CAUSE OF ACTION**

22          **(Trademark Infringement – 15 U.S.C. §1125(a))**

23      66.    NuScience incorporates by reference paragraphs 1 through 65

24  above as if fully set forth herein.

25      67.    NuScience owns U.S. Trademark Registration No. 2,573,852

26  ("the '852 mark") for the term "EVERETT STOREY®" for use in marketing

27  and selling dietary, nutritional, food, vitamin and mineral supplements for

28  human consumption.  The '852 mark is now uncontestable.

- 12 -

1    68.    Defendants are not licensed or otherwise authorized to use the

2    '852 mark.

3    69.    Defendants have used terms "Ev Storey" and "Everett Storey" in

4    marketing and selling dietary, nutritional, food, vitamin or mineral

5    supplements for human consumption.

6    70.    Defendants knew or had reason to know of NuScience'

7    ownership of the '852 mark.

8    71.    Defendant's uses of the above terms are likely to cause confusion

9    and the mistaken belief that Defendants are authorized agents of NuScience as

10   they are confusingly similar to NuScience's '852 mark.

11   72.    Defendants' conduct constitutes trademark infringement or false

12   designation of origin in violation of Section 43(a) of the Lanham Act, 15

13   U.S.C. § 1125 (a).

14   73.    Defendants' conduct is willful and in bad faith.

15   74.    Defendants will continue their infringing conduct unless enjoined

16   by this Court.

17   75.    Defendants' infringement has caused and is causing irreparable

18   harm to NuScience, for which NuScience has no adequate remedy at law.

19   76.    NuScience has been damaged by defendants' infringement and,

20   unless and until an injunction issues, will continue to be damaged in its

21   business, reputation, and property in an amount yet to be determined, but at

22   least $100,000.

23   77.    As a direct and proximate result of Defendants' actions,

24   NuScience is entitled to an award of three times its actual damages, the profits

25   of defendant, and reasonable attorneys fees and costs pursuant to 15 U.S.C. §§

26   1117 and 1125.

27                          **THIRD CAUSE OF ACTION**

28                **(Trademark Infringement – 15 U.S.C. §1125(a))**

1    78.    NuScience incorporates by reference paragraphs 1 through 77

2    above as if fully set forth herein.

3    79.    NuScience owns U.S. Trademark Registration No. 2,851,039

4    ("the '039 mark") for "DEUTROSULFAZYME®" in connection with liquid

5    nutritional supplements for human consumption.

6    80.    Defendants are not licensed or otherwise authorized to use the

7    '852 mark.

8    81.    Defendants have used the term "Deutrocell" in marketing and

9    selling mineral supplements for human consumption.

10    82.    Defendants knew or had reason to know of NuScience'

11    ownership of the '039 mark.

12    83.    Defendants' use of the above term is likely to cause confusion

13    and the mistaken belief that Defendants are authorized agents of NuScience as

14    they are confusingly similar to NuScience's '039 mark.

15    84.    Defendants' conduct constitutes trademark infringement or false

16    designation of origin in violation of Section 43(a) of the Lanham Act, 15

17    U.S.C. § 1125 (a).

18    85.    Defendants' conduct is willful and in bad faith.

19    86.    Defendants will continue their infringing conduct unless enjoined

20    by this Court.

21    87.    Defendants' infringement has caused and is causing irreparable

22    harm to NuScience, for which NuScience has no adequate remedy at law.

23    88.    NuScience has been damaged by defendants' infringement and,

24    unless and until an injunction issues, will continue to be damaged in its

25    business, reputation, and property in an amount yet to be determined, but at

26    least $100,000.

27    89.    As a direct and proximate result of Defendants' actions,

28    NuScience is entitled to an award of three times its actual damages, the profits

- 14 -

1     of defendant, and reasonable attorneys fees and costs pursuant to 15 U.S.C. §§

2     1117 and 1125.

3                       **FOURTH CAUSE OF ACTION**

4               **(Trademark Infringement – 15 U.S.C. § 1125(a))**

5        90.     NuScience incorporates by reference paragraphs 1 through 89

6     above as if fully set forth herein.

7        91.     NuScience owns U.S. Trademark Registration No. 2,083,802

8     ("the '802 mark") for "CELLFOOD®" in connection with mineral

9     supplements for human consumption.  NuScience's CELLFOOD® mark is

10    now incontestable.

11       92.     Defendants are not licensed or otherwise authorized to use the

12    '852 mark.

13       93.     Defendants have used the terms "We CELL for le$$" and

14    "Deutrocell" in marketing and selling mineral supplements for human

15    consumption.

16       94.     Defendants knew or had reason to know of NuScience'

17    ownership of the '802 mark.

18       95.     Defendants' uses of the above terms are likely to cause confusion

19    and the mistaken belief that Defendants are authorized agents of NuScience as

20    they are confusingly similar to NuScience's '802 mark.

21       96.     Defendants' conduct constitutes trademark infringement or false

22    designation of origin in violation of Section 43(a) of the Lanham Act, 15

23    U.S.C. § 1125 (a).

24       97.     Defendants' conduct is willful and in bad faith.

25       98.     Defendants will continue their infringing conduct unless enjoined

26    by this Court.

27       99.     Defendants' infringement has caused and is causing irreparable

28    harm to NuScience, for which NuScience has no adequate remedy at law.

600582988v1

1    100.   NuScience has been damaged by defendants' infringement and,

2    unless and until an injunction issues, will continue to be damaged in its

3    business, reputation, and property in an amount yet to be determined, but at

4    least $100,000.

5    101.   As a direct and proximate result of Defendants' actions,

6    NuScience is entitled to an award of three times its actual damages, the profits

7    of defendant, and reasonable attorneys fees and costs pursuant to 15 U.S.C. §§

8    1117 and 1125.

9    ## FIFTH CAUSE OF ACTION

10   **(Unfair Competition – Cal. Bus. & Prof. Code § 17200 et. seq.)**

11   102.   NuScience repeats, realleges, and incorporates by reference, as

12   though fully set forth herein, the allegations set forth in paragraphs 1 through

13   101 above.

14   103.   The acts of defendant, including but not limited to trademark

15   infringement violate Section 17200 et seq. of the California Business and

16   Professions Code, which prohibits any unlawful, unfair, or fraudulent business

17   practices or act, and any unfair, deceptive, false, or misleading advertising.

18   104.   Defendant will continue its unfair competition unless enjoined by

19   this Court.

20   105.   Defendant's unfair competition has caused and is causing

21   irreparable harm to plaintiff, for which plaintiff has no adequate remedy at

22   law.

23   ## SIXTH CAUSE OF ACTION

24   **(False Advertising – 15 U.S.C. § 1125(a))**

25   106.   NuScience incorporates and realleges Paragraphs 1-105 above,

26   as if fully set forth herein.

27   107.   NuScience alleges that if Defendants have not misappropriated its

28   trade secrets, Defendants have disseminated advertising materials which are

600582988v1

NUSCIENCE COMPLAINT
Case No. _____

1   untrue and/or misleading, and have used a false designation of origin as to

2   their product Deutrocell in violation of Section 43(a) of the Lanham Act, 15

3   U.S.C. § 1125(a).

4        108.   Among other things, Defendants have marketed and distributed

5   their Deutrocell product interstate, both on the Internet and in emails to

6   customers, stating that Deutrocell is "Ev Storey's original formula." Everett

7   Storey's original formula is NuScience's trade secret, which if they have not

8   misappropriated, Defendants do not have.

9        109.   Defendants' statement then is a false statement of fact about their

10   product which misrepresents the nature and qualities of their product

11   Deutrocell.

12        110.   Because of Defendants' false statements, consumers are likely to

13   be deceived into believing that Deutrocell is Everett Storey's original formula

14   and purchase Deutrocell accordingly.

15        111.   NuScience is harmed by Defendants' false statements because (1)

16   consumers, being deceived, purchase Deutrocell instead of NuScience's

17   CELLFOOD®, which is the Everett Storey's original formula, and/or (2)

18   consumers try Deutrocell and afterwards doubt the effectiveness of Everett

19   Storey's original formula as found in Deutrocell and do not purchase

20   NuScience's CELLFOOD®, believing it to be the same formula.

21        112.   On information and belief, Defendants acts complained of herein

22   have been committed willfully and with knowledge that such conduct falsely

23   describes or represents Deutrocell, with the intent to cause confusion, and

24   mistake, or to deceive the public.

25        113.   On information and belief, Defendants threaten to continue the

26   conduct complained of herein, and unless enjoined, will continue such conduct

27   causing irreparable harm to NuScience for which NuScience has no adequate

28   remedy at law.  NuScience has also suffered damages for this conduct in an

600582988v1                                NUSCIENCE COMPLAINT
                                           Case No. _____

1    amount yet to be determined, but upon information and belief is at least

2    $100,000.

3         114.   As a direct and proximate result of Defendants conduct,

4    NuScience is entitled to damages and a preliminary and permanent injunction

5    enjoining and restraining Defendants and their respective agents, assigns, and

6    heirs from engaging in the aforesaid acts.

7                    **SEVENTH CAUSE OF ACTION**

8    **(Intentional Interference with Prospective Economic Advantage)**

9         115.   NuScience incorporates and realleges Paragraphs 1-114 above, as

10   if fully set forth herein.

11        116.   NuScience alleges that Defendants wrongfully, unjustifiably, and

12   intentionally interfered with NuScience's business relations and prospective

13   economic advantage in violation of California common law.

14        117.   NuScience has an economic relationship with Lumina Health

15   Products, Inc. and with prospective customers with whom Defendants is or

16   was in the process of negotiating agreements or relationships.  These

17   relationships entail the probability of future economic benefit and advantage to

18   NuScience in that these customers and potential customers provide NuScience

19   with the opportunity to distribute their CELLFOOD® products on a

20   worldwide scale and who will endorse and promote NuScience to others

21   through their accounts of their positive experience with NuScience.

22        118.   Defendants, at all times, have been aware of these economic

23   relationships.

24        119.   On information and belief, NuScience alleges that Defendants

25   have intentionally engaged in conduct designed to interfere with or disrupt

26   these economic relationships, including using NuScience's trade secrets and

27   other malicious aforementioned acts to solicit these customers and potential

28   customers, and inducing or attempting to induce these customers and potential

600582988v1

1    customers to stop doing business with NuScience by falsely representing to

2    these customers and potential customers that NuScience does not possess

3    Everett Storey's original formula, NuScience is not making the formula

4    correctly, and that Defendants' product Deutrocell is the same, or nearly the

5    same as CELLFOOD®, and is more competitively priced.  This conduct by

6    Defendants is wrongful independent from the acts of interference themselves.

7        120.   On information and belief, NuScience alleges that this conduct by

8    Defendants has interfered with or disrupted NuScience's economic

9    relationships with its customers and potential customers so that existing and

10   potential business created by NuScience's solicitation, promotion, and other

11   efforts have been diverted to Defendants, NuScience's customer base has been

12   eroded, and NuScience's reputation and goodwill have been injured.

13       121.   As a proximate result of Defendants' actions, Defendants have

14   damaged NuScience in an amount not presently ascertainable, but upon

15   information and belief, is to be at least $100,000.

16       122.   On information and belief, NuScience alleges that Defendants'

17   actions as alleged were undertaken in bad faith, oppressively, and maliciously,

18   such that NuScience is entitled to an award of exemplary damages in an

19   amount sufficient to punish and deter such conduct by Defendants in the future

20   pursuant to Cal. Civ. Code § 3294.

21       123.   On information and belief, NuScience alleges that Defendants

22   threaten to and unless restrained, will continue to utilize NuScience's trade

23   secrets to NuScience's great and irreparable injury, for which damages would

24   not afford adequate relief, in that they would not completely compensate

25   NuScience for the injury to its reputation and goodwill.

26

27

28

1

2                                   **PRAYER FOR RELIEF**

3          WHEREFORE, NuScience prays for relief and judgment from this

4   Court:

5          a.      That the Court enter judgment in favor of NuScience and against

6   Defendants;

7          b.      That Defendants and their agents, servants, employees,

8   representatives, attorneys, related companies, successors, assigns, or heirs be

9   preliminary and permanently enjoined from possessing, using, selling, offering

10  to sell, transferring, controlling, communicating, providing, revealing, giving

11  away, marketing, publishing, advertising, or otherwise transferring to any

12  person in any manner any of NuScience's trade secrets or trade secret assets,

13  including all or any part of the ingredients (except water), formula, recipe,

14  know-how, technical data, secret processes, mixing formula, specifications or

15  other information, knowledge or data contained therein;

16         c.      That Defendants and their agents, servants, employees,

17  representatives, attorneys, related companies, successors, assigns, or heirs be

18  preliminary and permanently enjoined from stating, telling, representing or

19  claiming to third persons that it knows, possess, controls, is able to use, or has

20  knowledge of the ingredients, formula, recipe, know-how, specifications,

21  mixing formula, secret processes, or other technical data of any of

22  NuScience's trade secrets or Everett Storey's original formula;

23         d.      That Defendants and their agents, servants, employees,

24  representatives, attorneys, related companies, successors, assigns, or heirs be

25  preliminary and permanently enjoined from creating, producing, making,

26  providing, using, revealing, communicating or otherwise transferring to any

27  person in any manner any document, drawing, design plan, proposal, note,

28  file, data, memorandum, photograph, or other tangible recordable, digital,

NUSCIENCE COMPLAINT
Case No. _____

1   video, or other decipherable information that purports to have all or any part of

2   the formula, ingredient, recipe, mixing formula, know-how, secret process,

3   specification, data or other technical information of NuScience's trade secret,

4   CELLFOOD®, or Everett Storey's original formula;

5       e.    That Defendants immediately transfer to NuScience any and all

6   documents, drawings, designs, plans, proposals, notes, files, memoranda, and

7   other recordings of information however recorded in tangible, readable, or

8   other decipherable form, including electronic, digital, written, photographic, or

9   other medium that has or purports to have any information concerning the

10   ingredients, formula, recipe, specification, know-how, technical data, mixing

11   formula, and other information about NuScience's trade secret or Everett

12   Storey's original formula and all products made according to such materials;

13       f.    That Defendants be preliminary and permanently enjoined from

14   using the "EVERETT STOREY ®," "DEUTROSULFAZYME ®," and

15   "CELLFOOD®" trademarks, and all marks confusingly similar thereto  in

16   conjunction with the promotion, marketing, offering for sale, or sale of

17   mineral supplements for human consumption;

18       g.    The Defendants be preliminary and permanently enjoined from

19   using the terms "Ev Storey" and "Deutrocell" in conjunction with the

20   promotion, marketing, offering for sale, or sale of mineral supplements for

21   human consumption;

22       h.    That defendant Defendants be enjoined from engaging in unfair

23   competition;

24       i.    That NuScience recover compensatory, incidental, and

25   consequential damages for Defendant's conduct in an amount to be proven at

26   trial, but at least $100,000, together with prejudgment interest thereon at the

27   maximum legal rate;

28

1          j.      That Defendants be ordered to pay punitive and exemplary

2   damages in an amount to be proven at trial, together with prejudgment interest

3   thereon at the maximum legal rate;

4          k.      That NuScience recover treble damages for trademark

5   infringement;

6          l.      That NuScience recover its reasonable attorney's fees;

7          m.      That NuScience recover all unjust enrichment of Defendants;

8          n.      That the Court award NuScience its costs of suit incurred herein;

9   and

10          o.      For such other and further relief as this Court deems proper and

11   just.

12

13   Dated: April 22, 2008                    Respectfully submitted,

14                                            PILLSBURY WINTHROP SHAW
                                              PITTMAN LLP
15

16
                                             By:
17                                                  Richard H. Zaitlen

18                                            Attorneys for Plaintiff
                                              NUSCIENCE CORPORATION
19

20

21

22

23

24

25

26

27

28

1             **<u>DEMAND FOR JURY TRIAL</u>**

2           Pursuant to FED. R. CIV. P. 38(b), Plaintiff NUSCIENCE

3 CORPORATION hereby demands a jury trial of all claims against

4 Defendants.

5

6 Dated: April 22, 2008                Respectfully submitted,

7                                  PILLSBURY WINTHROP SHAW

8                                  PITTMAN LLP

9

10                              By: _____
                                        Richard H. Zaitlen

11                              Attorneys for Plaintiff

12                              NUSCIENCE CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

Case No. 102283

JERALD D RHOTEN, NU SCIENCE CORP
AND DEUTREL INDUSTRIES INC
Plaintiff/Petitioner

vs.

JOHN HENKEL
Defendant/Respondent

XX☐ PERMANENT INJUNCTION

☐ TEMPORARY INJUNCTION

XX☐ WITHOUT BOND
☐ WITH BOND IN AMOUNT OF

$ _____

TO THE SHERIFF OF ___SCOTT___ COUNTY, IOWA:

YOU SHALL SERVE ___JOHN HENKEL___

AT ___UNKNOWN___

TO: ___JOHN HENKEL___

BY ORDER OF THIS COURT YOU ARE STRICTLY ENJOINED AND RESTRAINED:

XX☐ AS STATED IN THE ATTACHED COURT ORDER.

☐ AS FOLLOWS:

   ***SEE ATTACHED ORDER

I hereby certify that the foregoing is a true and correct copy of the original on file and of record in my office. Given under my hand and the Seal of the District Court of Iowa in and for Scott County this ___ day of ___
JULIE C CARLIN, Clerk
By ___ Deputy

Date Issued: ___27 JANUARY 2005___

JULIE C CARLIN
CLERK, IOWA DISTRICT COURT

By _____ Deputy

RETURN OF SERVICE

Date Received _____
Date Served _____
Who Served _____
Address Served _____

Fees _____
Mileage _____
Total _____

_____ Sheriff
_____ COUNTY, IOWA

EXHIBIT 1
PAGE 24

FILED

05 JAN 27 AM 8:57

IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

CLERK OF DISTRICT COURT
SCOTT COUNTY, IOWA

JERALD D. RHOTEN, NU SCIENCE      )
CORPORATION and DEUTREL           )      CASE NO. ___102283___
INDUSTRIES, INC.,                 )
                                  )
        Plaintiffs,               )
                                  )
vs.                               )
                                  )      ORDER FOR PERMANENT
JOHN HENKEL and LOIS RAMM         )      RESTRAINING ORDER AND
ESTATE,                           )      INJUNCTION
                                  )
        Defendants.               )                    UNCONTESTED

NOW on the _27th_ day of _January_, 2005 the Petition for Restraining

Order, Temporary and Permanent Injunction having been filed, and the Application for TRO and

Temporary Injunction during the pendency of this action having been previously presented to the

Court and approved by this Court on April 16, 2004 and again approved by Order of this Court

on September 28, 2004, and the Court being advised that the parties have agreed that this matter

may be resolved by making permanent the injunction against John Henkel, and that the parties

request that the injunction remain as the permanent Order of this Court. The counterclaim of the

Lois Ramm Estate is dismissed and the claim against the Lois Ramm Estate is dismissed. The

Court is advised by the parties that the parties have agreed that this matter will be resolved by

this Order.

IT IS THEREFORE ORDERED that John Henkel is permanently restrained, prohibited

and enjoined from using, possessing or controlling, and from stating, telling, representing or

claiming to other persons that he knows, possesses, controls, able to use, or has knowledge of the

ingredients, formula, recipe, know-how, specifications, mixing formula, secret processes or other

technical data of "Open-All" or "Cellfood" and/or the other trade secrets of the Plaintiffs, or any

of them.

EXHIBIT 1
PAGE 25

IT IS FURTHER ORDERED that John Henkel is permanently restrained, prohibited and enjoined from directly or indirectly, actually or attempting to, communicating, providing, telling, revealing, giving away, selling, marketing, advertising, publishing, disclosing or otherwise transferring to any person, in any manner, all or any part of the ingredients (except water), formula, recipe, know-how, technical data, secret processes, mixing formula, specifications or other information, knowledge or data that he may have or come into possession of concerning "Open-All" and "Cellfood", or any part or derivative thereof (except water). IT IS ORDERED that John Henkel is permanently prohibited from revealing, disclosing, selling, using, publishing, communicating or otherwise transferring, and/or, or any other trade secret of the Plaintiffs or any of them.

IT IS FURTHER ORDERED that John Henkel is permanently enjoined, restrained and prohibited from creating, producing, making, providing, using, revealing, communicating, or otherwise transferring to any person, any document, drawing, design, plan, proposal, note, file, data, memorandum, photograph, or other tangible or recordable, digital, video or other decipherable information that purports to have all or any part of the formula, ingredient, recipe, mixing formula, know-how, secret process, specification, data or other technical information of "Open-All" or "Cellfood" or any of the Plaintiff's other trade secrets.

IT IS FURTHER ORDERED that John Henkel will immediately destroy any and all existing documents, drawings, designs, plans, proposals, notes, files, memorandums, and other recordings of information however recorded in tangible, readable or other or decipherable form, including electronic, digital, written, photographic or other medium that has or purports to have any information concerning the ingredients, formula, recipe, specification, know-how, technical data, mixing formula and other information about "Open-All" or "Cellfood". John Henkel will not, directly or indirectly, communicate orally or in written, electronic or other means and he will



EXHIBIT 1

PAGE 26

not create, make or produce any document or tangible thing that contains any of said information.

A violation of this Order or threatened violation of this Order, upon further application to this Court by the Plaintiff or any of them, after further Court hearing thereon may cause John Henkel to be subject to monetary sanctions for violation of this Order as may hereinafter be deemed appropriate by the Court, after notice and hearing thereon.

IT IS FURTHER ORDERED that all parties will pay their own costs and attorneys fees, and that the c bond (or cash bond in lieu thereof) posted by the Plaintiff is released and returned by the Clerk of Court to the Plaintiff's attorneys trust account.

_Judge, Seventh Judicial District of Iowa_
JAMES E. KELLEY

Approved as to form:

Joseph C. Creen, Attorney for Jerald D. Rhoten,
Nu Science Corporation and Deutrel Industries, Inc.

N/A
Joseph Bitter, Attorney for Lois Ramm Estate

John Henkel

EXHIBIT 1
PAGE 27

In The Iowa District Court for Scott County

Case Name _____

Case No. 102283

Notice received this date          02/02/2005

STATE of IOWA        )
                     )
Scott County         )

I certify that I served a copy of:

( ) Petition and Original Notice
( ) Modification/Application and Notice
( ) Order to Show Cause

| Return of Service | Type of Service Code |
|---|---|
| (✓) Personal | ① |
| ( ) Dwelling/Substitute | 2 |
| ( ) Hotel, Boarding/Rooming House | 3 |
| ( ) Corporation/Association | 4 |
| ( ) Official (State, County, City) | 5 |
| ( ) Spouse away from Residence | 6 |
| ( ) Other_____ | 7 |

(✓) Order Filed  *Injunction*
( ) Writ _____
( ) Other _____
( ) Subpoena _____

**Served Person(s):**                                                                                  Type Code

| **JOHN HENKEL** | at | **1530 W 2ND ST, DAVENPORT** | on | 02/02/2005   14:20 | [✓] |
| (name) | | (address) | | (date Time) | |
| _____ | at | _____ | on | _____ | [ ] |
| _____ | at | _____ | on | _____ | [ ] |
| _____ | at | _____ | on | _____ | [ ] |
| _____ | at | _____ | on | _____ | [ ] |

**Served Substitute:**

_____ by serving _____                                                                 [ ]
(name)                              (name)

at _____ on _____ , (a person residing therein who was then at least 18 years old
(address)                    (date Time)

OR spouse away from residence).          (strike non-applicable part.)

**Served Business:**

_____ by serving _____                                                                 [ ]
(Company/Government Unit Name)              (name)

_____ , on _____ , at _____
(title)                    (date  time)                    (address)

Notes:

Scott County Sheriff  Dennis Conard

By    0037 - DEP. DARRIN TANNER
(Deputy Sheriff)

| Fees | |
|---|---|
| Service . . . $ | 15.00 |
| Copies . . . . $ | 0.50 |
| Mileage. . . $ | 1.00 |
| Total . . . . . $ | 16.50 |

Note: Copy of Original Notice, if served, must be attached to this form.

EXHIBIT
PAGE  28

# EXHIBIT 2

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

Reg. No. 2,573,852

## United States Patent and Trademark Office

Registered May 28, 2002

### TRADEMARK
### PRINCIPAL REGISTER

## EVERETT STOREY

RHOTEN, JERALD (UNITED STATES CITIZEN),
    DBA DEUTREL INDUSTRIES
43102 BUSINESS CENTER PARKWAY
LANCASTER, CA 93535

    FOR: DIETARY, NUTRITIONAL, FOOD, VITA-
MIN AND MINERAL SUPPLEMENTS FOR HUMAN
CONSUMPTION, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46,
51 AND 52).

FIRST USE 1-1-1982; IN COMMERCE 2-1-1996.

    THE NAME "EVERETT STOREY" DOES NOT
IDENTIFY A LIVING INDIVIDUAL.

    SER. NO. 78-049,374, FILED 2-20-2001.

CAROLINE WOOD, EXAMINING ATTORNEY

EXHIBIT 2
PAGE 29

# EXHIBIT 3

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 2,851,039
Registered June 8, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## DEUTROSULFAZYME

NU SCIENCE CORPORATION (CALIFORNIA CORPORATION)
43102 BUSINESS CENTER PARKWAY
LANCASTER, CA 93535

FOR: LIQUID NUTRITIONAL SUPPLEMENT FOR HUMAN CONSUMPTION, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 1-1-1969; IN COMMERCE 1-1-1997.

SER. NO. 78-273,862, FILED 7-14-2003.

RICHARD A. STRASER, EXAMINING ATTORNEY

EXHIBIT 3
PAGE 30

# EXHIBIT 4

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

Reg. No. 2,083,802

## United States Patent and Trademark Office

Registered July 29, 1997

## TRADEMARK
### PRINCIPAL REGISTER

## CELLFOOD

RHOTEN, LARRY J. (UNITED STATES CITI-
ZEN), DBA NU SCIENCE CORP.
42541 N. 8TH ST. EAST
LANCASTER, CA 93535

FOR: MINERAL SUPPLEMENTS FOR
HUMAN CONSUMPTION, IN CLASS 5 (U.S.
CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 2–1–1996; IN COMMERCE
2–1–1996.

SER. NO. 75–137,992, FILED 7–22–1996.

ANNA CALDERON, EXAMINING ATTORNEY

EXHIBIT 4
PAGE 31

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV08- 2661 GAF (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

RICHARD H. ZAITLEN #63283
STEPHEN BYERS #223330
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone: (213) 488-7100
Facsimile:  (213) 629-1033
email: richard.zaitlen@pillsburylaw.com
email: steve.byers@pillsburylaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUSCIENCE CORPORATION, a California corporation,<br><br>PLAINTIFF(S)<br><br>V.<br><br>ROBERT HENKEL, an individual, and ROBERT HENKEL d/b/a DEUTROCELL, a business entity of unknown form,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV08-02661 GAF (FFMx)<br><br><br>**SUMMONS** |

TO:     THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
Richard H. Zaitlen, Esq./Stephen Byers, Esq.          , whose address is:
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406

an answer to the ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within 20 days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

Clerk, U.S. District Court

Dated:  APR 2 3 2008                    By: _____
                                              LA'REE HORN
                                              Deputy Clerk

(Seal of the Court)

1192

American LegalNet, Inc.
www.USCourtForms.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| NUSCIENCE CORPORATION, a California corporation, | ROBERT HENKEL, an individual, and ROBERT HENKEL d/b/a DEUTROCELL, a business entity of unknown form, |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| RICHARD H. ZAITLEN #63283/STEPHEN BYERS #223330<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>725 S. Figueroa Street, Suite 2800<br>Los Angeles, CA 90017-5406<br>Tel.: (213) 488-7100 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:**    JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No    ☒ MONEY DEMANDED IN COMPLAINT: $ Unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. Section 1125(a) - Trademark Infringement, False Advertising

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 865 RSI(405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**    Case Number:

CV-71 (07/05)        CIVIL COVER SHEET    CV08-02661

| American LegalNet, Inc.<br>www.USCourtForms.com |
|---|

Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No    ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Los Angeles County, California

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
Iowa

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
Los Angeles County, California

**X. SIGNATURE OF ATTORNEY (OR PRO PER):**    Date 4/22/2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.USCourtForms.com